### UNITED WATER WORKS CO., Limited, v. STONE.

#### (Circuit Court, D. Massachusetts. March 6, 1906.)

#### No. 162.

COURTS—FEDERAL COURTS—CONFORMITY TO STATE PRACTICE—ATTACHMENT—
SPECIAL ATTACHMENT PENDING ACTION—MASSACHUSETTS STATUTE.

Under Rev. Laws Mass. c. 167, § 80, which authorizes an attachment at any time during the pendency of an action where one would have been authorized when it was commenced, no ground is necessary to be shown for such special attachment other than lack of security for any judgment plaintiff may recover, which is in general sufficient ground for an attachment under the law of the state.

At Law. On motion to dissolve special attachment.
See 127 Fed. 587.

Anson M. Lyman, for plaintiff.
L. S. Dabney and Robert B. Stone, for defendant.

LOWELL, Circuit Judge. This was an action of contract begun by a chip attachment. On February 27, 1906, the plaintiff filed a motion for a special precept as follows:

"And now comes the plaintiff in the above-entitled action and says that suit was begun on the 29th day of November, 1902, and that the amount claimed by the plaintiff is twelve thousand one hundred ninety-three and 33/100 ($12,193.33) dollars, with interest; that no attachment of any kind

whatever was made in said action to secure whatever judgment the plaintiff might recover; that the court has directed that said case be referred to an auditor to hear and pass upon the defendant's memorandum of charges against this plaintiff, and that said case is likely to continue for some time before final judgment can be entered.

Wherefore it prays that a special precept may issue for the attachment of the goods and effects of the defendant in the sum of twenty thousand ($20,000) dollars."

This motion was based upon Rev. Laws Mass. c. 167, § 80, which reads as follows:

"At any time during the pendency of an action, suit, libel, petition or other proceeding at law or in equity, upon the commencement of which an arrest or attachment is authorized by law, the court or trial justice for cause may, on motion ex parte, order such arrest of the defendant or such attachment of his property by the trustee process or otherwise to secure the judgment or decree which the plaintiff may obtain in said cause; but no arrest of the defendant shall be authorized unless the plaintiff or a person in his behalf makes affidavit and proves to the satisfaction of the court or trial justice the same facts as are required to be proved to authorize an arrest on mesne process. Such arrest or attachment shall be subject to all the provisions of law relative to arrest and attachment upon mesne process, so far as applicable."

The precept was issued ex parte, and thereafter the defendant filed the following motion:

"Now comes the defendant and moves that the order in said action, by which a special attachment of defendant's property was authorized, be revoked; and says that no cause for such attachment was alleged in the plaintiff's petition therefor, and that there is no cause why such attachment should be allowed; and pending the determination of this motion the defendant prays that the plaintiff be directed to return to the clerk of this court the special precept heretofore issued for such attachment."

The defendant contends that, in order to warrant the issuance of the precept, the plaintiff must show some cause for the attachment other than mere want of security for payment of the judgment to be recovered; such cause, for example, as nonresidence of the defendant, or his concealment of property. The plaintiff contends, on the other hand, that mere want of security is sufficient cause for the issuance of the special precept, which issues as matter of course if this security is wholly wanting or insufficient.

Attachment on mesne process as security for the judgment to be recovered is authorized in general by the law of Massachusetts, and the section above quoted has been construed by the state courts to permit in effect an attachment at any time during the continuance of the suit. If the attachment is excessive, the defendant may be relieved in the same manner, whether the attachment be made at the beginning of the suit or by special precept.

The practice of the state courts has been the practice of this court so far as occasion has arisen. That practice will be followed until it has been held illegal by a higher court.

Motion denied.